UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 22-23708-CV-WILLIAMS

CHARLA BEAUVAIS,

    Plaintiff,

v.

AMISIAL MEDSPA LLC, *et al.*,

    Defendants.

_____/

## ORDER

**THIS MATTER** is before the Court on Magistrate Judge Lisette M. Reid's Report and Recommendation (DE 30) ("***Report***") on Plaintiff's Motion for Default Judgment (DE 28) ("***Plaintiff's Motion***"). In the Report, Magistrate Judge Reid recommends that Plaintiff's Motion be granted in part and denied in part. (DE 30 at 1.) Specifically, Judge Reid recommends that the Court deny Plaintiff's Motion with respect to her requests for lost wages under Count I and attorneys' fees and costs.[1] (*Id.* at 11.) Aside from Plaintiff's request for lost wages and attorneys' fees and costs, Judge Reid recommends that the Court grant Plaintiff's Motion. (*Id.*)

Plaintiff filed Objections to the Report (DE 31). Plaintiff objects only to Judge Reid's recommendation that the Court deny back wage damages, arguing that "no further evidence on mitigation is necessary where Defendants have not met their burden to show

---

[1] In the Report, Judge Reid recommends that Plaintiff be permitted to file a separate motion to recover her reasonable attorneys' fees and costs but does not clarify whether Plaintiff should be permitted to file a supplemental affidavit to demonstrate her entitlement to back wages.

that Plaintiff failed to mitigate damages, and that respectfully the Court should not be weighing a burden of proof that was failed to be met by an already-defaulted set of Defendants." (*Id.* at 4.) Alternatively, Plaintiff requests the opportunity to supplement her Affidavit with information about her mitigation efforts to demonstrate entitlement to back wages. (*Id.* at 5.)

Upon an independent review of the Report, the record, and applicable law, it is **ORDERED AND ADJUDGED** that:

1. The Report (DE 30) is **AFFIRMED AND ADOPTED**.[2]

2. Plaintiff's Motion for Default Judgment (DE 28) is **GRANTED IN PART AND DENIED IN PART**, as follows:

    a. Plaintiff shall recover from Defendants $3,547.50 in damages for unpaid overtime wages and liquidated damages under the FLSA. Interest shall accrue on this judgment pursuant to 28 U.S.C. § 1961.

    b. Within seven (7) days of the date of this Order, Plaintiff shall file a separate motion to recover its reasonable attorneys' fees and costs.

    c. Within seven (7) days of the date of this Order, Plaintiff shall file a motion for back wages, including a supplemental affidavit to demonstrate entitlement to back wages.

3. The Court will separately enter an order of final judgment at a later date.

---

[2] Judge Reid recommends that Plaintiff's request for back wages be denied. The Court adopts Judge Reid's recommendation, but grants Plaintiff leave to amend her Affidavit to demonstrate entitlement to back wages.

**DONE AND ORDERED** in Chambers in Miami, Florida, this <u>15th</u> day of June, 2023.

KATHLEEN M. WILLIAMS
UNITED STATES DISTRICT JUDGE