UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 22-cv-23708-WILLIAMS/REID

CHARLA BEAUVAIS,

      Plaintiff,

v.

AMISIAL MEDSPA LLC, *et al.*,

      Defendants.

_____/

**REPORT AND RECOMMENDATION ON
PLAINTIFF'S AMENDED MOTION FOR FINAL DEFAULT JUDGMENT**

This cause is before the Court on Charla Beauvais ("Plaintiff") Amended Motion for Final Default Judgment (the "Motion") against Defendants Amisial Medspa LLC and Edy Amisial ("Defendants"). [ECF No. 33]. The Motion was referred to the Undersigned by the Honorable Kathleen M. Williams for a report and recommendation. [ECF No. 35]. For the reasons addressed below it is **RECOMMENDED** that the Motion be **GRANTED**.

**BACKGROUND**

Plaintiff filed the instant Complaint on November 11, 2022, in which she asserts three counts: (1) retaliation under the Florida Private Whistleblowers Act ("FWA") and (2) two counts of unpaid overtime against both Defendants under the Fair Labor Standards Act ("FLSA"). [ECF No 1]. On November 16, 2022, Plaintiff properly served both Defendants with the summons, civil cover sheet, and the Complaint. [ECF Nos. 6, 7]. Defendants did not file a response to the Complaint, and the Clerk entered default against them in accordance with Federal Rule of Civil Procedure 55(a). [ECF No. 15].

1

Attorneys for Defendants filed an appearance and a Motion to Vacate Default [ECF Nos. 17, 19] but subsequently withdrew from the case, and Defendants were given 30 days to obtain replacement counsel. [ECF No. 20, 25]. Defendants then failed to obtain counsel and file a response to the Complaint. Thus, at the direction of this Court, the Clerk entered a second default against Defendants. [ECF No. 27].

Plaintiff then filed a motion for final default judgment against Defendants seeking damages in the amount of $52,985.75, which is comprised of $3,547.50 in unpaid overtime, including liquidated and unliquidated damages under the FLSA, $31,200.00 in back wages ($800 x approximately 39 weeks since her termination on June 13, 2022) under the FWA, $17,556.25 in attorneys' fees, and $682.00 in costs. [ECF No. 28]. This Court entered a Report and Recommendation on Plaintiff's motion for final default judgment recommending denying Plaintiff's request for back wages under Count I. Subsequently, Plaintiff filed objections to the Report and Recommendation as to the denial of damages under Count I and asked to be allowed to file an Amended Motion for Final Judgment to supplement her Affidavit and address the issue of mitigation. [ECF No. 31]. The Report and Recommendation was adopted, and Judge Williams entered an order allowing Plaintiff to file a motion for back wages, including a supplemental affidavit to demonstrate entitlement to back wages, within seven days of the date of the order. [ECF No. 32].

Plaintiff then timely filed the instant Amended Motion. [ECF No. 33].

## LEGAL STANDARD

"Rule 55 of the Federal Rules of Civil Procedure establishes a two-step process for obtaining a default judgment. First, when a defendant fails to plead or otherwise defend the lawsuit, the Clerk of Court must enter a clerk's default against the defendant. Second, when the

2

requirements for a clerk-entered default judgment cannot be met under Rule 55(b)(1), the plaintiff must apply to the court for a default judgment under Rule 55(b)(2)." *Cleveland v. JH Portfolio Debt Equities, LLC*, 2020 WL 8167356, at *2 (S.D. Ala. Nov. 23, 2020), *report and recommendation adopted*, 2021 WL 136287 (S.D. Ala. Jan 13, 2021). Rule 55(b)(2) provides that a court may enter default judgment against a defendant who has failed to defend the lawsuit. *See* Fed. R. Civ. P. 55(b)(2).

"A defendant's default alone does not in itself warrant the court entering a default judgment. There must be a sufficient basis in the pleadings for the judgment entered." *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975). The Eleventh Circuit has explained that there is a sufficient basis in the pleadings when the complaint could survive a motion to dismiss for failure to state a claim. *Surtain v. Hamlin Terrace Found.*, 789 F.3d 1239, 1245 (11th Cir. 2015). When a defendant defaults, they are deemed to have admitted the plaintiff's well-pleaded factual allegations. *Buchanan v. Bowman*, 820 F.2d 359, 361 (11th Cir. 1987).

On a motion for default judgment under Rule 55(b)(2) of the Federal Rules of Civil Procedure, the Court accepts as true the fact alleged in the Complaint: "[B]y defaulting, the [defendant is] deemed to have 'admit[ted] the plaintiff's well-plead allegations of fact' for purposes of liability." *Coton v. Televised Visual X-Orgaphy, Inc.,* 740 F. Supp. 2d 1299, 1307 (M.D. Fla. 2010) (alterations added; quoting *Buchanan v. Bowman*, 820 F.2d 359, 361 (11th Cir. 1987)). If the admitted facts establish the defaulting defendant's liability, the plaintiff is entitled to relief against the defendant. *See Shandong Airlines CO. v. CAPT, LLC*, 650 F. Supp 2d 1202, 1206 (M.D. Fla. 2009). Relief awarded by default judgment "must not differ in kind from, or exceed in amount, what is deemed in the [complaint]." Fed. R. Civ. P. 54(c) (alteration added).

## DISCUSSION

In the previous Report and Recommendation, the Undersigned found that Plaintiff was entitled to relief for her FLSA and FWA claims. [ECF No. 30]. Nonetheless, this Court found that Plaintiff was not entitled to the damages she sought in the amount of $31,200 for back wages under the FWA. [*Id.* at 9]. The Court found that Plaintiff failed to provide any calculations to help assess her damages and failed to show how she mitigated her damages as required before awarding back wages. [*Id*].

In the Motion, Plaintiff requests a damages award of $11,027.21: $3,547.50 for overtime wages under the FLSA and $7,479.71 for back wages under the FWA. The Court has already established that Plaintiff shall be awarded $3,547.50 for overtime wages under her FLSA claim. [ECF No. 32]. Thus, the only issue left for this Court to decide is whether Plaintiff is entitled to the award of back wages she seeks.

## I.      Award of Damages Under The FWA

The FWA does provide for compensation of lost wages under Fla. Stat. § 448.103(2)(d). More specifically, the statute provides that "[i]n any action brought pursuant to subsection (1), the court may order relief as follows[] . . . (d) Compensation for lost wages, benefits, and other remuneration." Fla. Stat. § 448.103(2)(d). "A court's purpose in awarding lost wages is to 'make the plaintiff "whole," to restore the plaintiff to the economic position the plaintiff would have occupied but for the illegal [acts] of the employer.'" *Aery v. Wallace Lincoln-Mercury, LLC*, 118 So. 3d 904, 914 (Fla. 4th DCA 2013) (quoting *Castle v. Sangamo Weston, Inc.*, 837 F.2d 1550, 1561 (11th Cir. 1988)).

To award back pay, "the trial court must determine what the employee would have earned had she not been the victim . . . and must subtract from that figure the amount of actual

interim earnings." *Aery*, 118 So.3d at 914 (quoting *E.E.O.C. v. Joe's Stone Crab, Inc.*, 15 F. Supp. 2d 1364, 1378 (S.D. Fla. 1998). "In seeking back [pay] . . . the plaintiff must mitigate her damages by seeking employment 'substantially equivalent' to the position [from which] she was terminated." *Id.* at 915 (internal quotations omitted). Nonetheless, "the failure to mitigate will be used only to 'limit the amount of . . . pay available.'" *Id.* (quoting *Castle*, 837 F.2d at 1562).

In support of her claim for back pay Plaintiff has submitted an affidavit with her Motion. stating that Defendants terminated her on June 13, 2022, and she could not obtain employment until August 17, 2022. [ECF No. 33-1 at 6]. Further, Plaintiff would have earned the amount of $40,400.00 if she was still employed by Defendant "($800.80 per week x approximately 50.5 weeks since June 13, 2022 until the date of [the] Affidavit)." At her subsequent job, she earns an average weekly salary of $793.26, and "since [she] was hired by AEF, [she has] made approximately $32,920.29." [*Id.* at 7]. Plaintiff then affirms that what she is owed in back pay is determined by subtracting $32,920.29 from $40,400.00, which equals a total of $7,479.71 in back wages. [*Id.*]. This Court finds Plaintiff's affidavit sufficient to establish entitlement to back wages in the amount of $7,479.71 and deems Plaintiff's calculations correct.

## CONCLUSION

For the foregoing reasons, it is **RECOMMENDED** that Plaintiff's Amended Motion for Default Final Judgment [ECF No. 33] be **GRANTED**. Plaintiff shall recover from Defendants as follows:

i)   $3,547.50 in damages for unpaid overtime wages and liquidated damages under the FLSA.

ii)  $7,479.71 in lost wages under the FWA.

iii) Interest shall accrue on this judgment pursuant to 28 U.S.C. § 1961, and shall be

enforceable as prescribed by 28 U.S.C. §§ 2001–2007, 28 U.S.C. §§ 3001–3307, and

Federal Rule of Civil Procedure 69(a).

Objections to this Report may be filed with the District Judge within fourteen days of

receipt of a copy of the Report. Failure to timely file objections will bar a *de novo* determination

by the District Judge of anything in this recommendation and shall constitute a waiver of a

party's "right to challenge on appeal the district court's order based on unobjected-to factual and

legal conclusions." 11th Cir. R. 3-1; *see also Harrigan v. Metro-Dade Police Dep't Station #4*,

977 F.3d 1185, 1191-92 (11th Cir. 2020); 28 U.S.C. § 636(b)(1)(C).

**SIGNED** this 8th day of December, 2023.

LISETTE M. REID
UNITED STATES MAGISTRATE JUDGE

cc:     **U.S. District Judge Kathleen M. Williams**; and

**All Counsel of Record**