UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 22-cv-23708-WILLIAMS/REID

CHARLA BEAUVAIS,

    Plaintiff,

v.

AMISIAL MEDSPA, LLC, *et al.*,

    Defendants.
_____/

**REPORT AND RECOMMENDATION ON
PLAINTIFF'S RENEWED MOTION FOR ATTORNEY'S FEES**

This cause is before the Court on Charla Beauvais's ("Plaintiff") Renewed Motion for Attorney's Fees (the "Motion"). [ECF No. 34]. The Motion was referred to the Undersigned by the Honorable Kathleen M. Williams for a report and recommendation. [ECF No. 35]. For the reasons addressed below it is **RECOMMENDED** that the Motion be **GRANTED IN PART**.

**BACKGROUND**

Plaintiff filed the instant Complaint on November 11, 2022, in which she asserts three counts: (1) retaliation under the Florida Private Whistleblowers Act ("FWA") and (2) two counts of unpaid overtime against Amisial Medspa LLC and Edy Amisial ("Defendants") under the Fair Labor Standards Act ("FLSA"). [ECF No 1]. On November 16, 2022, Plaintiff properly served both Defendants with the summons, civil cover sheet, and the Complaint. [ECF Nos. 6, 7]. Defendants did not file a response to the Complaint, and the Clerk entered default against them according to Federal Rule of Civil Procedure 55(a). [ECF No. 15].

1

Thereafter, attorneys for Defendants filed an appearance and filed a Joint Stipulation to Vacate Default [ECF Nos. 17, 18] but subsequently withdrew from the case, and Defendants were given thirty days to obtain replacement counsel. [ECF Nos. 20, 25]. Defendants then failed to obtain counsel and file any response to the Complaint. Thus, at the direction of this Court, the Clerk entered a second default against Defendants pursuant to Federal Rule of Civil Procedure 55(a). [ECF No. 27].

Plaintiff then filed a motion for final default judgment against Defendants, seeking damages in the amount of $52,985.75. [ECF No. 28]. This Court entered a Report and Recommendation on Plaintiff's motion for final default judgment stating that Plaintiff had failed to submit documentation necessary to determine the reasonableness of the requested attorney's fees. [ECF No. 30 at 10–11]. Thus, this Court recommended that Plaintiff file a separate motion to recover its reasonable attorney's fees and costs. Subsequently, Plaintiff filed objections to the Report and Recommendation, where it only objected to the denial to recover damages under Count I but did not object to filing a separate motion requesting attorney's fees and costs. [ECF No. 31]. The Report and Recommendation was adopted, and the Court entered an order instructing Plaintiff to file a separate motion to recover its reasonable attorney's fees and costs within seven days of the date of the order. [ECF No. 32]. Plaintiff then timely filed the instant motion. [ECF No. 34].

## LEGAL STANDARD

The FLSA provides that "[t]he court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C.S. § 216. Additionally, under the FWA, "[a] court may award reasonable attorney's fees, court costs, and expenses to the prevailing party." Fla.

Stat. § 448.104. Moreover, "[a] prevailing party analysis requires a determination of whether a court-ordered material alteration of the legal relationship between the parties has occurred." *Sream, Inc. v. HHM Enter. Partners, Inc.*, No. 16-62641-CIV, 2017 WL 3007534, at *2 (S.D. Fla. July 14, 2017). A prevailing party is "one who has succeeded on any significant claim affording it some of the relief sought." *Tex. State Tchrs. Ass'n v. Garland Indep. Sch. Dist.*, 489 U.S. 782, 791 (1989).

## DISCUSSION

### I. Attorney's Fees

Here, Plaintiff is the prevailing party because a default was entered against Defendants. Accordingly, a court-ordered material alteration of the parties' legal relationship occurred in Plaintiff's favor. Thus, Plaintiff is entitled to attorney's fees and costs under the FLSA and FWA. In the previously adopted Report and Recommendation, this Court found that "[a]lthough Plaintiff is entitled to reasonable attorneys' fees and costs, she must submit the documentation necessary to determine the reasonableness of such fees." [ECF No. 30 at 11].

Plaintiff now requests $17,556.25 in attorney's fees and $682.00 in costs. [ECF No. 34]. In support of the Motion, Attorney Ruben Martin Saenz ("Mr. Saenz") submitted a declaration detailing his qualifications, the qualifications of Attorney Ilona Anderson ("Ms. Anderson"), Attorney Max L. Horowitz ("Mr. Horowitz"), Attorney Juliana Cortes ("Ms. Cortes"), and Attorney Tanesha Walls Blye ("Ms. Blye"). [ECF No. 34-1 at 1–5]. Plaintiff also submitted time entries for the attorneys and their supporting staff and provided a legend for the billing records. [*Id* at 7–17].

Under the "lodestar" method, a reasonable attorney's fee award is "properly calculated by multiplying the number of hours reasonably expended on the litigation times a reasonable hourly

rate." *ACLU v. Barnes*, 168 F.3d 423, 427 (11th Cir. 1999) (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1994)). Under certain circumstances, the lodestar may be adjusted to reach a more appropriate attorneys' fee. *See Blum*, 465 U.S. at 888.

### A.     Reasonable Hourly Rate

The Court must first evaluate Plaintiff's requested hourly rate for the attorneys. A reasonable hourly rate is to be measured by "prevailing market rates in the relevant community." *Blum*, 465 U.S. at 895. In determining this, the Court should consider the rate "for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Norman v. Housing Auth. of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988) (citing *Blum*, 465 U.S. at 895-96 n.11).

To determine reasonable hourly rates, a court may consider certain factors, including "the attorney's customary fee, the skill required to perform the legal services, the attorney's experience, reputation and ability, the time constraints involved, preclusion of other employment, contingency, the undesirability of the case, the attorney's relationship to the client, and awards in similar cases." *Mallory v. Harkness*, 923 F. Supp. 1546, 1555 (S.D. Fla. 1996) (citing factors articulated in *Johnson v. Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974)). "In the end, however, the Court remains an expert on the issue of attorneys' fees and may consider its own knowledge and experience concerning reasonable and proper fees." *Warren Tech., Inc. v. UL LLC*, No. 18-21019-CV, 2020 WL 9219127, at *7 (S.D. Fla. Dec. 17, 2020), *report and recommendation adopted in part*, No. 1:18-CV-21019-UU/LMR, 2021 WL 911238 (S.D. Fla. Mar. 10, 2021), *aff'd*, No. 21-11168, 2021 WL 4940833 (11th Cir. Oct. 22, 2021) (quoting *Norman*, 836 F.2d at 1303) (internal citations and quotations omitted).

Notably, the trial court "need not, and indeed should not, become green-eyeshade accountants. The essential goal in shifting fees . . . is to do rough justice, not to achieve auditing perfection." *Katz v. Chevaldina*, 127 F. Supp. 3d 1285, 1301-02 (S.D. Fla. 2015) (citing *Fox v. Vice*, 563 U.S. 826, 838 (2011)). As such, "trial courts may take into account their overall sense of a suit, and may use estimates in calculating and allocating an attorney's time." *Id.*

Here, Mr. Saenz, Ms. Anderson, Mr. Horowitz, Ms. Blye, and Ms. Cortes's hourly rate is $400.00. [ECF. No. 34-1 at 4]. Mr. Saenz has been practicing since 2003 and is one of the owners of the law firm representing Plaintiff in this matter. [*Id.* at 2]. He practices primarily employment law and "[t]hroughout the years, [he] ha[s] successfully litigated, [he] believe[s], over one thousand cases on behalf of employees fighting injustice at the workplace." [*Id.*]. Mr. Saenz practices in both state and federal courts and has "consulted, litigated, and tried multiple cases involving employees' rights under the FLSA, Title VII, the Florida Civil Rights Act of 1992, Florida Whistleblower's Act, the Florida Worker's Compensation Act, the Family and Medical Leave Act of 1993 and other employee-related laws." [*Id.*]. Mr. Saenz has also written articles, chapters, and books relating to employment law. [*Id.*]. Lastly, Mr. Saenz attests that his firm bills all FLSA cases at an hourly rate of $400, that the rate reflects his and the firm's attorneys' experience, and that it is reasonable considering "the relevant legal marketplace." In support, Mr. Saenz points to his firm's website, highlighting the attorneys' legal experience.

The declaration also states that Mr. Horowitz has been an attorney since 2015 and "is knowledgeable in FLSA law, has conducted trials as first chair, and has handled over 1,000 employment cases, many of which were FLSA cases." [*Id.* at 3]. Ms. Blye has been practicing law since 2004 with experience practicing as an Associate Attorney, an Assistant Public Defender, and owning her own business "which focused on the investigation of employment

discrimination claims filed by government employees[.]" [*Id.* at 4]. Ms. Cortes became a practicing attorney in 2016 and has "experience litigating employment law matters, including without limitation, Title VII, and the ADA and FMLA." [*Id.*]. Lastly, Plaintiff also requests an hourly fee of $75 for work performed by law clerks, paralegals, and legal assistants.

    This Court finds that Plaintiff's attorneys' $400 hourly rate is reasonable. *See Telleria v. Espinosa*, No. 22-cv-21130-BLOOM/Otazo-Reyes, 2023 U.S. Dist. LEXIS 59360, at *12–13 (S.D. Fla. Apr. 4, 2023) ("The Court's review of recent decisions from this district addressing motions for attorneys' fees in FLSA cases reveals that a reasonable hourly rate for lawyers with comparable skills, experience, and reputation [] has been determined to be no more than $450.00 an hour."); *Gilot v. Green Cross Home Care Servs., Inc.*, No. 22-cv-23082-ALTMAN/Reid, 2023 U.S. Dist. LEXIS 55431, at *2 (S.D. Fla. Mar. 30, 2023) (stating that "[i]n the Southern District of Florida, $425.00 is a reasonable hourly rate for a lawyer with [29 years] of experience."); *Watts v. Club Madonna, Inc.*, No. 17-24666-CIV, 2019 U.S. Dist. LEXIS 25180, at *5-6 (S.D. Fla. Feb. 14, 2019) ("The Court finds that, although the attorneys who performed work in this matter are skilled attorney, an hourly rate of $450.00 is excessive for the attorneys in this matter, and a rate of $400.00 an hour for the attorney's is more appropriate.").

    Further, the Court finds the $75 hourly rate requested for work performed by law clerks, paralegals, and legal assistants reasonable. *See Troxel v. Gunite Pros*, LLC, No. 21-0057-WS-N, 2022 U.S. Dist. LEXIS 218320, at *9 (S.D. Ala. Dec. 5, 2022) (quoting *Nicholson v. RB2, LLC*, 2021 U.S. Dist. LEXIS 45479, at *6 (S.D. Ala. 2021)) ("Absent a showing that a paralegal possesses some extraordinary qualification or expertise, the lodestar hourly rate of $75 is routinely awarded in [the Southern District of Alabama]."). Accordingly, based on the above-

referenced case law and the Court's own knowledge and experience, the Court concludes that the hourly rates requested for both attorneys and the legal support team in this case are reasonable.

**B.     Reasonable Number of Hours Expended**

The Court must also evaluate Plaintiff's requested fees for reasonableness in terms of the total hours expended by counsel. *See Norman*, 836 F.2d at 1303. Although Plaintiff did not state in its Motion or affidavit the total number hours billed (excluding non-billable time entries), the Undersigned determined that Plaintiff seeks attorney's fees for a total of 63.35 hours. [ECF No. 34-1 at 15]. More specifically, Plaintiff requests 23.95 hours at the rate of $75 and 39.4 hours at the rate of $400. [ECF No. 34-1].

The burden rests on the plaintiff to submit a request for fees that will enable the court to determine what time was reasonably expended. *See Loranger v. Stierheim*, 10 F.3d 776, 782 (11th Cir. 1994). "Attorneys who anticipate making a fee application must maintain contemporaneous, complete and standardized time records which accurately reflect the work done by each attorney." *Wales-Walden v. Ak "N" Eli, LLC*, No. 17-20658-CIV, 2018 WL 6812692, at *3 (S.D. Fla. Oct. 12, 2018), *report and recommendation adopted sub nom. Wales-Walden v. Ak N Eli, LLC,* No. 1:17-CV-20658-UU, 2018 WL 6807316 (S.D. Fla. Oct. 29, 2018) (quoting *Nat'l Ass'n. of Concerned Veterans v. Sec'y of Def.*, 675 F.2d 1319, 1327 (D.C. Cir. 1982)).

When ascertaining the number of reasonable hours, a court must deduct "excessive, redundant or otherwise unnecessary hours" from those claimed. *See Norman*, 836 F.2d at 1303. The Court can either evaluate counsel's time records by applying an hour-by-hour analysis or can make an across-the-board cut. *See Bivins v. Wrap it Up, Inc.,* 548 F.3d 1348, 1350 (11th Cir. 2008). "Courts are not authorized to be generous with the money of others, and it is as much the

duty of courts to see that excessive fees and expenses are not awarded as it is to see that an adequate amount is awarded." *ACLU*, 168 F.3d at 428.

The Court has carefully reviewed the time entries submitted by Plaintiff and finds that some of the billing entries are for clerical and administrative work, such as billing to "filing the second motion for default[,]" "fil[ing] the return of service on the two corporate defendants[,]" "review[ing] [the] case[,]" "updat[ing] chart[,]" "review[ing] and updat[ing] tasks[,]" and "review[ing] calendar events, deadlines, and tasks[,]" among others. [ECF No. 34-1 at 7–14]. The tasks were performed by legal Assistants Leslie Martinez and Ana Turcios at a $75 hourly rate. [*Id.*]. These time entries for clerical or administrative tasks should be excluded. *See Thompson v. Branch Banking & Tr. Co.*, No. 19-CV-60108, 2020 WL 7061558, at *3 (S.D. Fla. Nov. 10, 2020), *report and recommendation adopted*, No. 19-CV-60108, 2020 WL 7059353 (S.D. Fla. Dec. 2, 2020), *appeal dismissed*, No. 21-10010-J, 2021 WL 1327212 (11th Cir. Feb. 5, 2021); *Ortega v. Berryhill*, No. 16-24697-CIV, 2017 WL 6026701, at *2 (S.D. Fla. Dec. 5, 2017) ("Purely clerical or secretarial tasks that require no legal skill or training, such as converting pleadings to PDF, faxing and mailing, updating lists and calendars, and filing or e-filing documents, should not be billed at a paralegal rate regardless of who performs them.") (citing *Spegon v. Cath. Bishop of Chi.*, 175 F.3d 544, 553 (7th Cir. 1999)); *see also Richardson v. Fla. Drawbridges Inc.*, No. 21-cv-80803-MATTHEWMAN, 2023 U.S. Dist. LEXIS 36373, at *29 (S.D. Fla. Feb. 27, 2023) ("Time entries for clerical or administrative tasks should be excluded."); *Brito v. Sarrio Holdings IV, Inc.*, No. 1:21-cv-22112-KMM, 2022 U.S. Dist. LEXIS 35335, at *13 (S.D. Fla. Feb. 25, 2022) ("Clerical or secretarial tasks that require no legal skill or training, such as scheduling, filing, and e-filing, should not be billed at an attorney or paralegal rate, as they are simple administrative tasks that can easily be completed by a full-time

secretary."); *Tbeili v. Munsell*, No. 22-21806-CIV-SCOLA/GOODMAN, 2023 U.S. Dist. LEXIS 101809, at *8-9 (S.D. Fla. June 12, 2023) ("Attorney fees cannot be awarded for non-legal work or for work not traditionally done by an attorney.").

Further, several billed tasks do not provide sufficient details to determine whether they were necessary to the case at hand, such as billing 0.2 hours for "assess[ing] case value[,]" 0.8 hours for "email[ing] . . . OSHA investigator re: strategize case based on OSHA investigator[,]" 0.30 for "going over cases and tasks[,]" and on multiple occasions billing 0.2 hours for "strategiz[ing] on case." [ECF No. 34-1 at 7–9, 11, 14]. Because a response to the Complaint was never filed and motion practice was limited to Defendants' default, these entries require additional context. *See Moragomez v. Seasin's LLC*, No. 20-22390-Civ-SCOLA/TORRES, 2020 U.S. Dist. LEXIS 203743, at *17 (S.D. Fla. Oct. 30, 2020) (finding the attorney's hours billed to be excessive or unnecessary for an experienced attorney when time entries for "(1) legal research, (2) drafting the motion for default judgment, a proposed order to grant it, and an extension of time to file it, (3) drafting, revising, and filing the statement of claim, and (4) drafting counsels' declarations[,]" equaled 11.5 hours). Additionally, four attorneys and three legal assistants worked on this case and billed for time spent reviewing, conferring, updating, and strategizing. Because the issues do not appear to be complex and the case resulted in default, this seems excessive.

The most efficient way to remedy this predicament is to make an across-the-board cut of the time billed rather than reduce the time billed for individual tasks. *See Paguaga v. Pinnacle One Price Dry Cleaning of Davie, LLC*, No. 20-22694-Civ, 2023 U.S. Dist. LEXIS 38072, at *22 (S.D. Fla. Mar. 7, 2023) ("[A]fter taking into consideration the errors previously identified in the billing records, we find that the number of attorney hours be reduced by an additional 15%

to reflect a more reasonable amount of time spent properly prosecuting this action."); *Giniewicz v. UR Bath, LLC*, No. 19-CV-61790, 2020 U.S. Dist. LEXIS 69567, at *9 (S.D. Fla. Apr. 20, 2020) ("Consequently, the undersigned recommends an across-the-board 20% reduction to the total hours incurred to account for counsel's general and inappropriate billing."); *Michael Tran v. Nomad Grp. Ltd. Liab. Co.*, No. 8:20-cv-1945-CEH-SPF, 2022 U.S. Dist. LEXIS 210616, at *20 (M.D. Fla. Nov. 18, 2022) ("Taking together Plaintiff's counsel's excessive hours, their failure to adequately segregate time spent on successful and unsuccessful claims, and their vague billing entries, the undersigned finds a reduction of the number of hours billed by 20% is appropriate."); *Touzout v. Am. Best Car Rental KF Corp.*, 15-61767-CIV, 2017 WL 5957664, at *9 (S.D. Fla. Nov. 30, 2017) (noting a 50% reduction to the hours billed is appropriate based on several factors, including the difficulty of the litigation); *United States of America, State Of Florida, & Ex Rel. Beatriz Morales v. Habana Hospital Pharmacy, Inc., et al*, 17-CV-80871, 2023 WL 5611906, at *13 (S.D. Fla. Aug. 7, 2023), *report and recommendation adopted sub nom. United States v. Habana Hosp. Pharmacy, Inc.*, 17-80871-CIV, 2023 WL 5608004 (S.D. Fla. Aug. 30, 2023) (noting a 70% reduction for errors in time entries and billing for clerical work); *Porter v. Saul*, 18-CV-60210, 2020 WL 5126447, at *6–7 (S.D. Fla. July 28, 2020), *report and recommendation adopted*, 18-CV-60210, 2020 WL 5114518 (S.D. Fla. Aug. 31, 2020) (finding that a 30% reduction of hours expended is appropriate due to redundancies and repetitiveness in the filings and the fact that the issues in the case were not complex).

Therefore, based on a review of the billing entries, a 30% reduction of the time performed by the attorneys and the legal support team is appropriate here. Thus, Plaintiff can recover attorney's fees for 16.77 hours at a $75 hourly rate and 27.58 hours at an hourly rate of $400. Therefore, this Court awards **$12,289.75 in attorneys' fees**.

## II. Costs

In addition to attorneys' fees, Plaintiff seeks to recover $682.00 in costs. [ECF No. 34-1 at 15–16]. Rule 54(d)(1) provides that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). Generally, under Rule 54(d), the prevailing party is the one who receives a favorable judgment. *Ware v. Pine State Mortgage Corp.*, 754 F. App'x 831, 832 (11th Cir. 2018) (citing *Head v. Medford*, 62 F.3d 351, 354 (11th Cir. 1995)). In addition, "[t]he costs recoverable by prevailing plaintiffs in FLSA cases under section 216(b) are limited to those costs enumerated in 28 U.S.C. § 1920." *Ramos v. United Floor Crew, Inc.*, No. 15-22128-CIV-LENARD/GOODMAN, 2015 U.S. Dist. LEXIS 153296, at *4 (S.D. Fla. Oct. 15, 2015) (quoting *Williams v. R.W. Cannon, Inc.*, 657 F. Supp. 2d 1302, 1315 (S.D. Fla. 2009)). Section 1920 provides that a United States Court may tax as costs the following:

(1) fees of the clerk and marshal;

(2) fees for printed or electronically recorded transcripts necessarily obtained for use in the case;

(3) fees related to printing and witnesses;

(4) fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;

(5) docket fees []; and

(6) compensation of court appointed experts [and fees related to interpretation services].

28 U.S.C. § 1920(1)–(6).

The party requesting costs bears the burden of submitting a request, which allows the court to make an informed decision regarding the appropriateness of the costs sought. *Loranger v. Stierheim*, 10 F.3d 776, 784 (11th Cir. 1994).

Plaintiff seeks a total of $682.00 in costs divided as follows: (1) $402.00 filing fee; (2) $90.00 for service of process on Amisial Medspa LLC; (3) $90.00 for service of process on Edy Amisial; and (4) $100.00 flat fee for copying and postage per the retainer agreement. [ECF No. 34-1 at 15]. The Court finds that Plaintiff is entitled to the $402.00 filing fee under § 1920 as taxable cost. However, although Plaintiff is entitled to recover the process server fees, she is not entitled to the $90.00 fee:

> Even though 28 U.S.C. § 1920 does not expressly say so, private process server fees may be taxed under 28 U.S.C. §§ 1920 and 1921 so long as the taxable costs of the process server are limited to the statutory fees that §1921(b) authorizes . . . . According to 28 C.F.R. § 0.114(a)(3), the United States Marshals Service shall routinely collect fees of $65 per hour for process served or executed personally for each item served, plus travel costs and out-of-pocket expenses.

*See Kennedy v. Fountains of Boynton Assocs.*, No. 16-81902-CIV, 2017 U.S. Dist. LEXIS 184427, at *10-11 (S.D. Fla. Nov. 6, 2017) (internal citations omitted). Thus, Plaintiff is not entitled to the $90 process server fee but instead to $65 for each service of process.

Lastly, Plaintiff is not entitled to the $100.00 flat fee for copying and postage per retainer agreement. *See Matiano v. 5th Ave. Tree Experts*, No. 20-23972-CV-UNGARO, 2021 U.S. Dist. LEXIS 8877, at *18 (S.D. Fla. Jan. 15, 2021) (stating that "mailing costs are not recoverable under 28 U.S.C. § 1920."). Although, under section 1920 Plaintiff is entitled to recover for copying costs, Plaintiff has failed to provide the Court with information to determine how much of the $100 fee was for copies and how much was for postage. Thus, this Court finds that Plaintiff is entitled to recover a total of **$532.00 in costs**, which include (1) $402.00 filing fee and (2) $130.00 for service of process on Defendants.

## CONCLUSION

For the foregoing reasons, it is **RECOMMENDED** that Plaintiff's Renewed Motion for Attorney's Fees and Costs [ECF No. 34] be **GRANTED IN PART**. Specifically, the Court should (1) award Plaintiff $12,289.75 in attorney's fees and (2) award Plaintiff $532.00 in costs.

It is further **RECOMMENDED** that the Court shall retain jurisdiction to consider any future attorneys' fees and costs associated with Plaintiff's collection of a judgment entered by the Court.

Objections to this Report may be filed with the District Judge within fourteen days of receipt of a copy of the Report. Failure to timely file objections will bar a *de novo* determination by the District Judge of anything in this recommendation and shall constitute a waiver of a party's "right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." 11th Cir. R. 3-1; *see also Harrigan v. Metro-Dade Police Dep't Station #4*, 977 F.3d 1185, 1191-92 (11th Cir. 2020); 28 U.S.C. § 636(b)(1)(C).

**SIGNED** this 8th day of December, 2023.

LISETTE M. REID
UNITED STATES MAGISTRATE JUDGE

cc:   **U.S. District Judge Kathleen M. Williams; and**

     **All Counsel of Record**